J-A11029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW GEORGE MILLER | : | |
| | : | |
| Appellant | : | No. 1930 MDA 2019 |

Appeal from the PCRA Order Entered November 8, 2019
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000490-2011

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED SEPTEMBER 02, 2020**

Andrew George Miller appeals *pro se* from the order dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We conclude that Miller's PCRA petition is untimely and he fails to satisfy any time-bar exception. We therefore affirm.

On August 18, 2014, at docket number CP-50-CR-0000490-2011, Miller pleaded *nolo contendere* to five counts of aggravated indecent assault[1] stemming from offenses he committed from approximately June 2011 through September 2011. On November 13, 2014, in accordance with his plea agreement, Miller was sentenced to five to 15 years' imprisonment to be

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3125.

served concurrently with his sentence imposed at a separate docket, number CP-50-CR-0000489-2011.[2] Miller was also classified under Tier 3 of Megan's Law III and was thus subject to a lifetime registration requirement. Miller did not file a direct appeal.

On August 3, 2017, Miller filed a petition for writ of *habeas corpus* at the instant docket number (CP-50-CR-0000490-2011). He subsequently filed another such petition, which referenced both the instant docket number and the other docket, CP-50-CR-0000489-2011, on November 27, 2017. In both petitions, Miller challenged the legality of his sentence pursuant to our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). On January 3, 2018, the trial court denied relief, referencing only the instant docket number, and Miller appealed to this Court, also only listing the instant docket number. This Court remanded, noting that we could only address issues regarding the instant docket number and that Miller's *habeas corpus* petitions constituted a first request for relief under the PCRA. **See Commonwealth v. Miller**, 166 MDA 2018 at 3-4 (Pa.Super. filed October 25, 2018) (unpublished memorandum). However, we were unable to proceed with

_____

[2] At docket number CP-50-CR-0000489-2011, a jury found Miller guilty of involuntary deviate sexual intercourse, aggravated indecent assault, and indecent assault. That case stemmed from offenses he committed against the minor daughter of his girlfriend many years prior. The trial court initially sentenced him in May 2013, but this Court vacated and remanded for resentencing. On August 18, 2014, the trial court resentenced Miller to an aggregate term of 7 to 17 years' imprisonment plus probation.

a review of the merits of Miller's claims because a remand was necessary for the appointment of appellate counsel. ***Id.*** Accordingly, the PCRA court appointed William Shreve, Esquire to represent Miller on October 30, 2018.

On January 7, 2019, Shreve filed a ***Turner/Finley***[3] letter and a petition to withdraw as counsel claiming that Miller's petition was untimely. The PCRA court granted Shreve's motion and issued notice of intent to dismiss Miller's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Miller filed a response in January 2019, wherein he raised, for the first time, that the Pennsylvania Supreme Court's decision in ***Commonwealth v. Derhammer***, 173 A.3d 723 (Pa. 2017) announced a new constitutional right applicable to his case.

Miller then filed an amended PCRA petition in April 2019, by permission of the PCRA court. The court ultimately dismissed Miller's petition on November 8, 2019, reasoning that ***Muniz*** was not applicable because Miller was not sentenced under the Sexual Offenders Registration and Notification Act (SORNA) and was properly required to register for life as a sexual offender under the provisions of both Megan's Law II and III. Miller filed a timely notice of appeal and both Miller and the PCRA court complied with Pa.R.A.P. 1925.

Miller raises the following issues for review:

1. Whether the holding of the Supreme Court of Pennsylvania in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) announces and creates a new

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

substantive rule of constitutional law retroactively applicable to final convictions under the PCRA time-bar exception 42 Pa.C.S. 9545(B)(1)(iii)?

2.  Whether [Miller] was indirectly retroactively subject to SORNA's lifetime registration requirements during the commission of [Miller's] sentencing on August 18, 2014, regardless if the sentencing court imposed Megan's Law III registration requirements thus triggering a *Muniz* violation under the state and federal ex-post facto clauses?

3.  Whether the holding of the Supreme Court of Pennsylvania in *Commonwealth v. Derhammer*, 173 A.3d 723 (Pa. 2017), announces and creates a new substantive rule of constitutional law retroactively applicable to final convictions pursuant to the PCRA time-bar exception 42 Pa.C.S. 9545 (B)(1)(iii)?

4.  Whether the sentencing court committed error in imposing Megan's law III sexual offender registration on [Miller] at the commission of sentencing on the 18th day of August 2014 where the provisions of Megan's law III were replaced by SORNA on December 20th 2012 and Megan's Law III was not a valid law at the time of [Miller's] sentencing?

Miller's Br. at 7-8 (unpaginated).

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We do not reach the merits of Miller's claims because his petition was untimely. *See Commonwealth v. Pursell*, 749 A.2d 911, 913-14 (Pa. 2000). A criminal defendant has one year from the time the judgment of sentence becomes final to file a timely PCRA petition, unless an exception applies. *See*

42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The petitioner bears the burden of pleading and proving at least one of the time-bar exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

At the time Miller's PCRA petition was filed, Section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[4]

_____

[4] Section 9545(b)(2) was amended, effective on December 24, 2018, to require that a PCRA petition "be filed within one year of the date the claim could have been presented" instead of within 60 days. 42 Pa.C.S. § 9545(b)(2). That amendment applies only to claims arising on or after

Here, Miller's judgment of sentence became final on December 13, 2014, when his time to file a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.Crim.P. 720(A)(3) (if defendant does not file a timely post-sentence motion, defendant's notice of appeal shall be filed within 30 days of imposition of sentence). Miller thus had until December 13, 2015 to file a timely PCRA petition. Hence, the instant PCRA proceedings, which he initiated in August 2017, are patently untimely. Therefore, the PCRA court lacked jurisdiction unless Miller pleaded and proved at least one of the time-bar exceptions. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In this case, although Miller acknowledges that the sentencing court imposed his lifetime registration requirement pursuant to Megan's Law III, he asserts that SORNA[5] was in effect at the time of his sentencing and therefore should have been applied. As such, he claims that he satisfies the new retroactive constitutional right exception to the PCRA's time-bar pursuant to our Supreme Court's decision in *Muniz*, 164 A.3d at 1218-1223 (retroactive

---

December 24, 2017. *Id.* Here, as we will discuss *infra*, Miller's claims are premised on our Supreme Court's decisions in *Muniz* and *Derhammer*, which were decided on July 19, 2017, and November 22, 2017, respectively. Miller filed his instant petition, which presented his *Muniz* claim, in August 2017, well within the required 60 days. However, he did not present his *Derhammer* claim until January 2019, in his response to the PCRA court's Rule 907 notice. Thus, Miller did not meet the 60-day requirement in regards to that claim.

[5] In 2012, SORNA took effect, replacing Megan's Law III. *See* 42 Pa.C.S. §§ 9799.10-9799.41(subsequently amended). Under both Megan's Law III and SORNA, Miller's convictions carried a lifetime registration requirement.

application of SORNA violates the ex post facto clauses of the United States and Pennsylvania constitutions). Miller argues that *Muniz* established a constitutional right, which should apply retroactively. However, *Muniz* does not satisfy the new retroactive constitutional right exception to the time-bar because the Pennsylvania Supreme Court has specifically held that the right does not apply retroactively. *See Commonwealth v. Murphy*, 180 A.3d 402, 406 (Pa.Super. 2018). Thus, Miller's claim regarding *Muniz* must fail.

In addition, Miller asserts that because he was sentenced pursuant to Megan's Law III, after the effective date of SORNA, he also satisfies the new retroactive constitutional right exception to the PCRA's time-bar. In support, he cites our Supreme Court's decision in *Derhammer*, 173 A.3d at 726 (holding that when SORNA became effective in 2012, Megan's Law III was no longer effective). This claim fails for two reasons. First, Miller did not meet the 60-day requirement of the version of Section 9545(b)(2) in effect at the time his claim arose. *Derhammer* was decided on November 22, 2017, and Miller did not raise this claim until he filed his response to the PCRA court's Rule 907 notice in January 2019, which was well past the 60-day deadline.

Moreover, even if Miller had raised this issue within 60 days of the *Derhammer* decision, the claim fails to meet the requirements of Subsection (b)(1)(iii). *Derhammer* has also not been held to apply retroactively. *See Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002) (holding that in order to satisfy section 9545(b)(1)(iii), the petitioner must prove both that a "new" constitutional right has been recognized by the United States

- 7 -

Supreme Court or the Pennsylvania Supreme Court, and that the right "has been held" by that court to apply retroactively). Thus, Miller also cannot rely on **Derhammer** to satisfy the timeliness exception provided under Section 9545(b)(1).

We note that Miller attempts to couch his claims regarding his registration requirements as implicating the legality of his sentence. However, we are unable to reach the merits of Miller's claims because his arguments regarding **Muniz** and **Derhammer** do not establish that he has met the new retroactive constitutional right exception to the PCRA's time-bar. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

Accordingly, because Miller did not establish that an exception to the PCRA's time-bar applies, we affirm the order dismissing his PCRA petition.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/02/2020

---

[6] We may affirm an order on any basis. **See Commonwealth v. Clouser**, 998 A.2d 656, 661 n.3 (Pa.Super. 2010).